UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR REDRICK III,

      Plaintiff,

v.                                                      Case No: 8:21-cv-1436-WFJ-JSS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff Arthur Redrick III seeks judicial review of the denial of his claim for supplemental security income (SSI). As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the undersigned recommends that the decision be affirmed.

## BACKGROUND

### A.    Procedural Background

      Plaintiff filed an application for SSI on February 28, 2019. (Tr. 155–160.) The Commissioner denied Plaintiff's claim both initially and upon reconsideration. (Tr. 69–79, 83–106.) Plaintiff then requested an administrative hearing. (Tr. 107–09.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 33–59.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claim for benefits. (Tr.

12–32.)  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied.  (Tr. 1–11.)  Plaintiff then timely filed a complaint with this court (Dkt. 1), and filed an amended complaint on January 5, 2022 (Dkt. 10).  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1971, claimed disability beginning on October 31, 2018.  (Tr. 60.)  Plaintiff has received his general equivalency degree (GED).  (Tr. 56.)  Plaintiff's past relevant work experience includes work as cleaner-commercial institutional.  (Tr. 26, 55–56.)  Plaintiff alleged disability due to back injury, hip pain, neck pain, and depression.  (Tr. 171.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since February 28, 2019, the application date.  (Tr. 18.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: multilevel degenerative disc disease of the lumbar, thorasic and cervical spine with spondylotic changes and facet arthropathy, and obesity.  (Tr. 18.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 20.)  The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 416.967(b) with the following limitations:

- 2 -

> the claimant cannot lift and carry more than 15 pounds.  The claimant can occasionally climb stairs, ramps, stoop, twist, kneel, crouch and crawl but never climb ladders, ropes or scaffolds.

(Tr. 21.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (Tr. 22.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), however, the ALJ determined that Plaintiff could not perform his past relevant work.  (Tr. 26.)  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as cashier II, office helper, and photocopying machine operator.  (Tr. 27, 57.)  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled.  (Tr. 27.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or

- 3 -

psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v.*

- 4 -

*Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision and argues that remand is warranted because the ALJ failed to reconcile Plaintiff's RFC with an opinion from Plaintiff's treating orthopedic physician, Dr. Cameron Huckell. (Dkt. 19.)  Plaintiff argues that because the ALJ found the functional limitations in Dr. Huckell's October 24, 2019 opinion to be generally persuasive, the ALJ was required to either incorporate those limitations into the RFC or provide an adequate explanation for not including the

- 5 -

limitations.  (*Id.* at 7–12.)  Plaintiff claims that he was harmed by this error because the ALJ provided the RFC as a hypothetical to the VE during the hearing and relied on the VE's testimony that there were sufficient jobs available to an individual with those limitations to find Plaintiff not disabled.  (*Id.* at 10–11.)  For the reasons that follow, the undersigned recommends that Plaintiff's contentions do not warrant reversal.

On October 24, 2019, Dr. Huckell rendered an opinion for the State of New York Workers' Compensation Board, in which he stated that Plaintiff "has an ongoing moderate partial (50%) disability at this time as a result of the work-related accident dated 10/18/2018."  (Tr. 567, 573.)  In the opinion, Dr. Huckell further stated that Plaintiff had the following work restrictions: "[n]o lifting greater than 15 lbs [and] [n]o repetitive bending, twisting, rotation of the lumbar spine."  (Tr. 567, 573.)  Dr. Huckell rendered another opinion for the New York Workers' Compensation Board dated November 14, 2019, in which he found that Plaintiff had "an ongoing mild partial (25%) disability" and that Plaintiff did not have any work restrictions at that time.  (Tr. 533, 610.)  With each opinion, Dr. Huckell also provided a "Doctor's Narrative Report."  *See* (Tr. 521–22, 540–41.)

In formulating Plaintiff's RFC, the ALJ considered Dr. Huckell's opinions and explained that Dr. Huckell "treated [Plaintiff] during the course of his workers' compensation claim and noted percentage temporary total disability of 25-50%[.]" (Tr. 25 (citing Tr. 522, 541).)  The ALJ acknowledged Dr. Huckell's opinion that Plaintiff "should avoid lifting greater than 15 pounds, and avoid repetitive bending,

twisting, rotation of the lumbar spine[.]"   (Tr. 25 (citing Tr. 567, 573).)   The ALJ

further provided a detailed discussion of how the standards applied in Dr. Huckell's

and other workers' compensation opinions differ from the standards applied under the

Social Security Regulations.   (Tr. 25.)   Specifically, the ALJ explained:

> While these opinions were rendered by acceptable medical sources with
> a longitudinal treatment history with [Plaintiff], whether an individual is
> disabled or can work is an issue reserved to the Commissioner pursuant
> to 20 [C.F.R. §] 416.927(d).   Furthermore, these opinions were rendered
> with the intent to be temporary, during the regular course of his treatment
> for pain management and recovery post-work[-]related injury.
> Additionally, medical opinions offered in workers['] compensation cases
> utilize different standards than that required by the Social Security
> Regulations in determining disability standards and work available in the
> national economy.   They did not provide specific function-by-function
> limitations about [Plaintiff's] ability to perform work[-]related activities.
> Moreover, these percentage opinions consider only [Plaintiff's] work-
> related injury, and not combined impairments, as directed under the
> Social Security Regulations.

(Tr. 25.)   With respect to the functional limitations assessed in Dr. Huckell's October

24, 2019 opinion, the ALJ stated:

> the opinion regarding specific lifting and postural limitations is supported
> by the correlating clinical findings, which is found to be generally
> persuasive.   While the undersigned does not find the objective evidence
> supports the allegations of [Plaintiff], they do support a finding consistent
> with the light range residual functional capacity (C9F-C11F).   As such,
> the undersigned finds these opinions to be only slightly persuasive in
> determining [Plaintiff's] functional capabilities under the Social Security
> Regulations.

(Tr. 25.)   Upon consideration of the entire record, including Dr. Huckell's opinions,

the ALJ concluded that Plaintiff had an RFC to perform light work, but limited to

lifting and carrying no more than 15 pounds and that Plaintiff "can occasionally climb

stairs, ramps, stoop, twist, kneel, crouch and crawl but never climb ladders, ropes or

scaffolds." (Tr. 21.) During the hearing, the ALJ used Plaintiff's RFC in a hypothetical question to the VE, who testified that there were sufficient jobs available in the national economy for someone with those limitations. (Tr. 56–57.) The ALJ then relied, in part, on the VE's testimony to find Plaintiff not disabled. (Tr. 27.)

Plaintiff argues that the ALJ's RFC finding was error because the ALJ found the "specific lifting and postural limitations" in Dr. Huckell's October 24, 2019 opinion to be "generally persuasive" and was therefore required to incorporate those limitations into Plaintiff's RFC or provide an adequate explanation for failing to do so. (Dkt. 19 at 7–12.) The Commissioner responds that the ALJ properly assessed Dr. Huckell's opinions under the relevant regulations and the ALJ was not required to adopt those opinions as part of Plaintiff's RFC. (Dkt. 20 at 4–11.) The undersigned agrees with the Commissioner.

The responsibility for formulating a claimant's RFC belongs to the ALJ. 20 C.F.R. § 416.946; *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010); *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's RFC is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."). To determine an individual's RFC, an ALJ assesses all the relevant medical and other evidence in the record and considers a claimant's ability to meet the "physical, mental, sensory, and other requirements of work." 20 C.F.R. § 416.945 ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."). An ALJ need not adopt each part of a medical opinion into the RFC that the ALJ otherwise finds

- 8 -

persuasive.   20 C.F.R. § 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.") Indeed, "the ALJ's RFC assessment [does] not need to match or mirror the findings or opinions of any particular medical source (especially when that source's opinion has been discredited), because the responsibility of assessing the RFC rests with the ALJ." *Freyhagen v. Comm'r of Soc. Sec.*, No. 3:18-cv-1108, 2019 WL 4686800, at *8 (M.D. Fla. Sept. 26, 2019); *Kopke v. Astrue*, No. 8:11-cv-1197-T-30TGW, 2012 WL 4903470, at *5 (M.D. Fla. Sept. 26, 2012) (the ALJ "has the duty to evaluate and weigh the medical evidence of record . . . [i]n other words, . . . the ALJ's RFC finding did not need to mirror the findings or opinion of any particular medical source") (citation and internal quotes omitted), *report and recommendation adopted,* No. 8:11-cv-1197-T-30TGW, 2012 WL 4867423 (M.D. Fla. Oct. 15, 2012).   Further, in posing a hypothetical to a VE, an ALJ must account for all of the claimant's impairments for the VE's testimony to constitute to substantial evidence.  *Wilson*, 284 F.3d at 1227. However, an ALJ's hypothetical questions meet this requirement when they "implicitly account[] for the claimant's limitations," *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1269 (11th Cir. 2015) (citation omitted), and the questions need not include limitations or impairments properly rejected by the ALJ.  *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 742 (11th Cir. 2008) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

As discussed above, the ALJ explained why Dr. Huckell's opinions were "only slightly persuasive in determining [Plaintiff's] functional capabilities under the Social Security Regulations," including that the opinions were rendered pursuant to different standards, did not provide specific function-by-function limitations, only considered Plaintiff's work-related injury rather than combined impairments, and were rendered with the intent to be temporary. (Tr. 25.) The ALJ also explained that the specific lifting and postural limitations in Dr. Huckell's October 24, 2019 opinion were "generally persuasive" because they were supported by correlating clinical findings. (Tr. 25.) Nonetheless, the ALJ was not required to adopt Dr. Huckell's lifting and postural limitations into the RFC verbatim, and thus did not err in failing to include those limitations verbatim in either the RFC formulation or in the hypothetical posed to the VE. *See, e.g.*, *Rodriguez v. Comm'r of Soc. Sec.*, No. 6:18-cv-503-ORL-18TBS, 2018 WL 7113871, at *2 (M.D. Fla. Dec. 27, 2018) ("[T]here is no requirement that an ALJ base an RFC finding on a medical source's opinion."), *report and recommendation adopted,* No. 6:18-cv-503-ORL-18TBS, 2019 WL 316051 (M.D. Fla. Jan. 24, 2019); *Kilroy v. Comm'r of Soc. Sec.*, No. 6:21-cv-203-DNF, 2022 WL 1043898, at *5 (M.D. Fla. Apr. 7, 2022) ("while true that the ALJ found Plaintiff's limitations for reaching supported, that does not mean that he was required to adopt Dr. Arriola's findings as to the extent of these limitations") (citing 20 C.F.R. § 416.920c(a)).

Rather, the ALJ properly determined Plaintiff's RFC based on consideration of the record as a whole, including Plaintiff's symptoms, Plaintiff's testimony at the hearing, the objective medical evidence, medical opinions, and prior administrative

medical findings.  (Tr. 21–26.)  Indeed, the ALJ's RFC formulation included a detailed discussion of the record evidence, which included repeated consideration of Dr. Huckell's and other medical opinions throughout.  (Tr. 21–26.)  For instance, the ALJ stated that Dr. Huckell's findings were consistent with the opinion of consultative physician, Dr. Nikita Dave, "who opined mild to moderate limitations in prolonged sitting, standing, walking, heavy lifting and carrying."  (Tr. 25 (citing Tr. 318).)  The ALJ also cited to Dr. Huckell's opinions as evidence that Plaintiff's "correlating treatment records reflect grossly normal musculoskeletal clinical findings" and that the correlating treatment records support Dr. Huckell's lifting and postural limitations. (Tr. 23, 25.)  The ALJ relied on Dr. Huckell's opinions that Plaintiff "denied radicular numbness and tingling in his feet" (Tr. 23 (citing Tr. 524)), had full strength in his lower extremities, and "displays no gait dysfunction or antalgia" (Tr. 23 (citing Tr. 524, 528, 565, 571)), and noted Dr. Huckell's finding "that [Plaintiff] should avoid lifting greater than 15 pounds, and repetitive postural activities."  (Tr. 23 (citing Tr. 567, 573).)  The ALJ thus appropriately considered both the supportability and consistency of Dr. Huckell's opinions in determining Plaintiff's RFC.[1]  (Tr. 26.)  *See,*

---

[1] For applications filed on or after March 27, 2017, as in this case, the SSA's revised regulations eliminate the treating physician rule, which required an ALJ to assign controlling weight to the opinion of a treating physician if the opinion was well-supported and not inconsistent with other evidence in the record.  *See* 20 C.F.R. § 416.920c; *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 898 (11th Cir. 2022) (affirming that new regulations eliminated treating physician rule and apply to applications filed after effective date).  Under the revised regulations, "the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency."  *Mackey v. Saul*, No. 2:18-cv-2379-MGL-MGB, 2020 WL 376995, at *4 n.2 (D.S.C. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a), (c)(1)–(2)).  While there are several factors the ALJ must consider, "[t]he most important factors" are supportability and consistency.  20 C.F.R. § 416.920c(b)(2).  The ALJ must therefore analyze whether the medical source's opinion is (1) supported

*e.g.*, *Sesler v. Comm'r of Soc. Sec.*, No. 8:20-cv-2835-DNF, 2021 WL 5881678 (M.D. Fla. Dec. 13, 2021) (rejecting argument that ALJ must have included finding that claimant had moderate limitation because "[a]s long as the ALJ properly evaluated the medical opinion . . . the only issue is whether substantial evidence supports the RFC assessment"); *Rodriguez v. Comm'r of Soc. Sec.*, No. 6:20-cv-1674-MRM, 2022 WL 807443, at *7 (M.D. Fla. Mar. 17, 2022) (ALJ properly evaluated medical opinion by referring to "prior portions of her decision in which she provided in-depth evaluations of the evidence of record").

As required by the regulations, the ALJ also considered Plaintiff's testimony regarding his symptoms, including pain (Tr. 21–22), as well as Plaintiff's activities of daily living (Tr. 22 (citing Tr. 33–59, 191–202)) and work activity during the relevant period (Tr. 22 (citing Tr. 168–69.  In assessing Plaintiff's physical limitations, the ALJ also thoroughly discussed the objective medical evidence of record, which the ALJ found reflected grossly normal musculoskeletal clinical findings (Tr. 23–24 (citing Tr. 341, 346, 348, 354, 356, 377, 382, 386, 423)); the various medical opinions in the record, including the opinion of Dr. Dave, which noted similar grossly normal findings and recommended that Plaintiff has "[m]ild to moderate limitations [in] prolonged sitting, standing, walking, heavy lifting, [and] carrying due to cervical and lumbar spine") (Tr. 23, 25 (citing Tr. 315–21)), and the opinions of State Agency medical

---

by the source's own records; and (2) consistent with the other evidence of record.  *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

consultants G. Wang, M.D. and J. Lawrence, M.D., which the ALJ found to be not persuasive. (Tr. 24 (citing Tr. 322–24, 328–30)).  The ALJ concluded that Plaintiff's RFC "accommodates [his] impairments and resultant symptoms [and n]o greater limitations or restrictions are warranted, given [Plaintiff's] wide-range of activities of daily living, conservative and routine treatment, and grossly normal objective findings upon examination."  (Tr. 24.)  The ALJ found that Plaintiff's RFC was "supported by the objective medical evidence and above-cited opinions" and further noted that "the record supports [Plaintiff's] allegations regarding difficulty lifting, walking and standing due to [Plaintiff's] combined musculoskeletal impairments, which are accommodated for by the reduced range of light exertion with additional postural limitations" within the RFC.  (Tr. 26.)

The ALJ therefore properly formulated Plaintiff's RFC based on the totality of the record evidence and Plaintiff's medical condition as a whole, and was under no obligation to adopt into the RFC or the hypothetical to the VE limitations that were appropriately excluded.  *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1326 (11th Cir. 2021) ("So long as the ALJ's decision demonstrates to the reviewing court that it considered the claimant's medical condition as a whole, the ALJ is not required to cite every piece of evidence in the record."); *Sanders v. Comm'r of Soc. Sec.*, No. 2:20-cv-788-NPM, 2022 WL 970181, at *5 (M.D. Fla. Mar. 31, 2022) ("an ALJ does not impermissibly assume the role of a doctor by viewing the record evidence as a whole and making an RFC determination") (citing *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014) ("[T]he ALJ did not 'play doctor' in assessing Mr. Castle's RFC, but

instead properly carried out his regulatory role as an adjudicator responsible for assessing Mr. Castle's RFC.")); *Crawford*, 363 F.3d at 1161 ("the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported").

Moreover, while the ALJ did not use the precise wording of the functional limitations noted in Dr. Huckell's October 24, 2019 opinion (and was not required to do so), Plaintiff's RFC and the hypothetical posed to the VE during the hearing nevertheless largely align with Dr. Huckell's findings.  As noted, Dr. Huckell opined that Plaintiff could not lift more than 15 pounds and was limited to "[n]o repetitive bending, twisting, rotation of the lumbar spine."  (Tr. 567, 573.)  The ALJ's RFC formulation makes clear that Dr. Huckell's limitations were incorporated into the RFC, along with the other relevant evidence of record, by limiting Plaintiff to lifting and carrying no more than 15 pounds and to only occasional, i.e., not repetitive, stooping and twisting.  *See Occasional*, *Merriam-Webster.com Dictionary*, Merriam-Webster,  https://www.merriam-webster.com/dictionary/occasional (accessed on Nov. 30, 2022) (defining "occasional" as "occurring . . . or taken at irregular or infrequent intervals"); *Stoop*, *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/stoop (accessed on Nov. 30, 2022) (defining "stoop" as "to *bend* the body or part of the body downward and forward") (emphasis added); *Rotate*, *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/rotate (accessed on Nov. 30, 2022) (listing synonyms of "rotate" as "twist").  Thus, the ALJ did not err in formulating

- 14 -

Plaintiff's RFC and the decision was supported by substantial evidence.  *See, e.g.*, *Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 843 (11th Cir. 2013) ("While the ALJ's RFC assessment and hypothetical to the VE did not use the same language as Dr. Saad, they both accounted for such limitations."); *Thomas v. Kijakazi*, No. 8:20-cv-2849-SPF, 2022 WL 897542, at *3 (M.D. Fla. Mar. 28, 2022) ("While Plaintiff argues that the ALJ erred by basing her disability finding on a flawed RFC and flawed VE hypothetical that failed to include the state agency physician's *specific* environmental limitations, her argument fails.  In the end, a claimant's RFC is a formulation reserved for the ALJ, who, of course, must support his or her findings with substantial evidence.") (emphasis in original) (citing 20 C.F.R. §§ 404.1546(c), 416.946(c)).

The ALJ appropriately determined Plaintiff's RFC by assessing all the relevant medical and other evidence in the record and considering Plaintiff's ability to meet the "physical, mental, sensory, and other requirements of work."  20 C.F.R. § 416.945. The ALJ's RFC formulation was supported by substantial evidence as discussed in the decision and outlined above, and the undersigned therefore recommends that the decision be affirmed.  *Bloodsworth*, 703 F.2d at 1239 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]."); *see Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.") (punctuation and citation omitted); *Miles*, 84 F.3d at 1400 ("If the

Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

Accordingly, after due consideration and for the foregoing reasons, it is **RECOMMENDED**:

1. The decision of the Commissioner be **AFFIRMED**.

2. The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on November 30, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable William F. Jung
Counsel of Record