UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR REDRICK III,

    Plaintiff,

v.                                    Case No. 8:21-cv-1436-WFJ-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision finding Plaintiff not disabled and denying social security disability insurance benefits (Dkts. 1, 10). The magistrate judge issued a report recommending that the decision of the Commissioner be affirmed (Dkt. 21). Plaintiff, through counsel, filed timely objections. Dkt. 22. The Court determines a reply from the Commissioner is unnecessary.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may

accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Plaintiff objects to the report and recommendation on the ground that the magistrate judge erred in finding that the administrative law judge ("ALJ") properly gave a reasoned explanation for rejecting certain portions of Plaintiff's treating orthopedic physician's medical opinion. Dr. Cameron Huckell placed specific lifting and postural limitations on Plaintiff in an opinion rendered for New York's Workers' Compensation Board. Plaintiff contends the ALJ was required to incorporate the limitations into the RFC. The ALJ chose not to do so and, while finding the limitations generally persuasive, explained in detail how the standards applied in workers' compensation opinions differ from the standards applied under the Social Security Regulations. *See* Tr. 25. Contrary to Plaintiff's contentions (*see* Dkt. 19 at 7–12; Dkt. 22 at 5), the ALJ adequately explained why the limitations were not included in the formulation of the RFC.

Having conducted a *de novo* review of the record, including the transcript of the proceedings before the ALJ, regarding each specific objection lodged by Plaintiff, the Court agrees with the thorough and well-reasoned report of the magistrate judge. The ALJ applied the correct legal standard in reaching a decision supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 22) are overruled.

2) The report and recommendation (Dkt. 21) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits to Plaintiff is affirmed.

4) The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE AND ORDERED** at Tampa, Florida, on December 15, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record